F. CARRERA & BROTHER, Appellants, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 663. Submitted January 14, 1927.—Decided February 25, 1927.

*Nazario & García Méndez* for the petitioner. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

Some subsidiary questions there are, but the matter principally involved in this appeal is whether in attaching and selling property of a defendant the marshal is bound to exempt $500 for the benefit of the defendant under the Homestead Law, which provides, in its 1st and 4th sections follows:

"Sec. 1. That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed: *Provided,* That in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof." (Compilation of 1911, p. 213.)

"Sec. 4. That no sale shall be made, under a judgment or execution of any such farm, plantation or lot of land and dwellings thereon, when the same is claimed or occupied as a homestead, unless a greater sum than five hundred dollars is obtained therefor. In case such farm, plantation or lot of land and buildings thereon, shall be sold for more than five hundred dollars the excess over said last

mentioned sum shall be paid to the creditor and the sum of five hundred dollars shall be paid to the debtor, and shall be exempt from execution under a judgment or decree for the period of thirty days: *Provided,* That this section shall not apply to any sale made to enforce the payment of taxes due on said property, or a debt or liability incurred for the purchase of the same, or for the improvements thereon, or when said sale is made by virtue of any conveyance releasing or waiving such exemption as provided by section three of this act.'' (Compilation of 1911, Sections 1000 and 1003.)

Section 1 presupposes that the debtor is head of a family and, as may be seen, section 4 uses the words ''when the same is claimed or occupied as a homestead.'' The theory of appellant is that there was nothing in the record submitted to the registrar which showed either that the property was ''occupied as a homestead'' or that the defendant had made any ''claim'' therefor or that the debtor was in fact the head of a family.

Perhaps if one could imagine a case of property being sold without reservation of homestead when a claim therefor is otherwise duly made, we should not agree with the appellant that for purposes of the registry the offered deed of sale would have to show that the debtor was the head of a family. In a court proceeding involving the homestead the debtor must show that he is the head of a family before he can actually obtain the benefit of the homestead claim. When, however, a sale is made pending a claim of homestead the registrar should not record the said sale unless the record shows that the issue of being the head of a family was decided against the debtor or otherwise abandoned by him. The registry must import certainty over an issuable fact. The purchaser at an auction sale where a claim of homestead was made would take the property subject to the homestead claim, until such claim had been disposed of by the court.

The situation, however, is entirely distinct, when, as here, the whole record is produced before the registrar and it does not appear therein that any claim of homestead was made

before sale and delivery to the purchaser. The record of the municipal court, along with the proceedings perfected by the marshal, exclude the idea that a claim of exemption was ever made. The maxim of *"de non apparentibus et de non existentibus eadem est ratio"* is applicable where the record fails to show that a claim was actually presented or a question raised. It is otherwise when a claim is made and an issuable fact is undetermined, as we have indicated.

Certain obligations, and a vast majority of them, arise in the law by mere human relation or transaction of the parties without any further voluntary act by them, as in certain contracts or torts. There is, however, a vast field wherein a man must make a move before an obligation arises. In some cases a demand is necessary, in some cases performance or an act of election must take place and in other cases, as here, a claim must be made. Under section 4, *supra,* a claim of exemption must be made. *Riggs* v. *Sterling,* 60 Mich. 643, 27 N. W. 705, 1 A.S.R. 554; 13 R.C.L. 656; 29 C. J. *et seq.*

We agree with the appellant that the fact that the debtor was married sufficiently appeared from the complaint and other proceedings in the municipal court.

The registrar also refused to record two houses which appeared in the deed of sale as belonging to the original debtor. The theory was, we take it, that the record did not show that these two houses existed on the property. We agree with the appellant, however, that the rule that accessory things follow the principal thing is applicable.

The note should be reversed and the record made.